# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| COMPUTER PERSONALITIES SYSTEMS, INC., | : | Bankruptcy No. 01-14231DWS |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| GEORGE L. CAPELL and LYNN CAPELL, | : | Adversary No. 04-0174 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LEON A. LAROSA, DELOITTE & TOUCHE, LLP, STOCKTON BATES, MICHAEL CAROZZA, | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 20th day of December 2005, upon consideration of the Motion of the plaintiffs George L. Capell and Lynn Capell ("Plaintiffs") to Remand the State Court Action for Lack of Subject Matter Jurisdiction Or, in the Alternative, For Abstention and Remand And For Plaintiffs' Attorney's Fees and Costs (the "Remand Motion") and the opposition thereto by the defendants;

**And** after notice and hearing at which argument was presented;

**And** the Court finding (1) Plaintiffs filed an action (the "State Court Action") against Leon A. LaRosa ("LaRosa") and Deloitte & Touche, LLP (the "Deloitte Defendants" or "Deloitte") and Michael Carozza and Stockton Bates (the "Stockton Defendants" or "Stockton") in the Court of Common Pleas of Philadelphia County ("State Court") on August 11, 2003; (2) on or about September 3, 2005 the Deloitte Defendants filed a timely notice of removal of the "captioned proceeding" from the State Court to the United States District Court for the Eastern District of Pennsylvania with the request that the same be transferred to the Bankruptcy Court administering the related Chapter 7 cases of Computer Personalities Systems, Inc. and Direct 2 U Network, Inc. ("Debtors");[1] (3) Deloitte was retained by the Chapter 7 trustee (the "Trustee") of the Debtors' estate pursuant to an Order of this Court to serve as his accountants;[2] (4) in that capacity, Deloitte undertook various investigations of the financial affairs and conduct of the Debtors to enable the Trustee to

---

[1] The Notice seeks to remand the "Action" but does not define same. It alternatively refers to removing the above-captioned proceeding (i.e., the State Court Action). Plaintiffs conclude from the foregoing that the Deloitte Defendants removed the entire action, a not illogical conclusion based on the language of the Notice. As discussed below, the cause of action against Deloitte stands on a different footing than the cause of action against Stockton, and each must be considered separately. At argument, Deloitte's counsel (who did not prepare the Notice) contended that the removal statute on which Deloitte relies, 28 U.S.C. § 1452, speaks of the removal of "claims" or "causes of action," not actions and thus only the causes of action against Deloitte were removed. It seems fairly intuitive that a party cannot remove causes of action pending solely against another party and thus that only the Deloitte causes of action have been properly removed. Despite its own inaction with regard to removal, Stockton takes the position that the claims against it have likewise been removed and opposes the Remand Motion as well. It also appears that Plaintiffs view a complete removal to have been effected and have taken no steps to prosecute the State Court Action against Stockton. Since, as discussed below, I find that the causes of action against Stockton arising from their tax planning and accounting services to the Plaintiffs before the bankruptcy case commenced are unrelated to this bankruptcy case, I would remand if the causes of action had been properly removed. Since the bottom line is the same, i.e., this part of the State Action shall proceed in the State Court, I need not dwell on whether the removal was proper.

[2] LaRosa was assigned to lead the engagement.

-2-

perform his statutory duties in these cases; (5) a condition of the engagement was that the Trustee indemnify the Deloitte Defendants from any loss or damage they may suffer in connection with the engagement, Exhibit A to Memorandum of Law of Deloitte Defendants in Opposition to the Remand Motion ("Deloitte Mem") (6) Debtors' principal was plaintiff George Capell ("George"); (7) Plaintiffs contend that in the course of the performance of their duties the Deloitte Defendants improperly caused prospective tenants to terminate negotiations to lease certain real property Plaintiffs owned, thus giving rise to an action against the Deloitte Defendants for fraud, negligent misrepresentation, tortious interference with existing and prospective contractual relations and negligent supervision and causing damages in excess of $400,000 (the "Deloitte Claims"); (8) Plaintiffs contend, *vis a vis* the Stockton Defendants, that they breached contractual and fiduciary duties to them by failing to provide, implement and monitor proper tax advices such that Plaintiffs were vulnerable to lawsuit by the Trustee and ultimately compelled to make a settlement payment of $300,000 to the Debtors' estates ("Stockton Claims");

**And** Plaintiffs contending that the Deloitte Claims are based solely on state law and are unrelated to the pending bankruptcy case, and as such, there is no jurisdiction in this Court to hear them;[3]

**And** for the reasons stated on the record and clearly enunciated with appropriate legal authority in the Deloitte Memorandum, I find that this Court has jurisdiction over these

---

[3] Alternatively they argue that if there is related to jurisdiction, I should abstain by reason of 28 U.S.C. § 1334(c)(2) (mandatory abstention) or § 1334(c)(1) (discretionary abstention).

claims against the Trustee's Court-appointed professionals which arise out of their conduct in performing their engagement for the Trustee;[4]

---

[4] I am unpersuaded by Plaintiffs' argument that their claims relate to the lease transaction and could have occurred without regard to the bankruptcy. Indeed Plaintiffs' charges arise only because Deloitte was retained to perform a bankruptcy engagement on behalf of the estate. Carter v. Rodgers, 220 F.2d 1249, 1253 (11th Cir. 2000) (an action against a bankruptcy trustee and other court-approved officers for breaches of their bankruptcy-related duties can only arise in a bankruptcy case and as such is within the "arising in" jurisdiction of the bankruptcy court pursuant to 28 U.S.C. § 1334(b)). As noted by the Court in Southmark Corp. v. Coopers & Lybrand, 163 F.3d 925, 931 (5th Cir. 1999), "it is somewhat disingenuous to attempt to pry these claims out of their bankruptcy setting" since "a *sine qua non* in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries ... and other court-appointed professionals who are responsible for managing the debtor's estate in the best interests of creditors." I also strongly concur with Plaintiffs that allowing parties to sue bankruptcy court-appointed professionals in a non-bankruptcy forum in connection with their conduct in a bankruptcy case undermines the administration of the bankruptcy case by the bankruptcy court. I not only authorized the appointment of the accountants but was required to approve their fees as reasonable under § 331. If there is a deficiency in their performance, whether actionable or not, this Court, not a non-bankruptcy forum, should adjudicate any claims made.

The institutional interest that the bankruptcy court has in monitoring the conduct of its court-authorized officers and protecting them from frivolous suit is the basis of the Barton doctrine which requires bankruptcy court authorization prior to commencing a suit in a non-bankruptcy forum against a bankruptcy trustee. Richman v. Batt (In re Richman), 265 B.R. 416, 419 (E.D. Pa. 2001) (*citing* Barton v. Balfour, 104 U.S. 126, 129 (1881) and its progeny). The leave of court requirement applies equally to suits against a trustee's court-authorized attorneys. Allard v. Weitzman, 991 F.2d 1236, 1241 (6th Cir. 1993). The State Court Action was filed in violation of the Barton doctrine and the State Court had no jurisdiction over it. In the face of the requirement that this Court determine the forum for a proceeding against the trustee's professionals, the argument that mandatory abstention applies is counterintuitive. Had leave of this Court been sought to sue the Deloitte Defendants in the State Court, it would have been denied for the reason stated above which are the same reasons that discretionary abstention would be refused were this a non-core proceeding. This Court has a special non-delegable responsibility to the large number of consumers who were financially injured by these corporations to administer these bankruptcy cases so as to ensure the most expeditious and economic recoveries for creditors. Moreover, the pendency of other litigation against the Plaintiffs by the Trustee which has been suspended due to George Capell's invocation of his privilege against self incrimination requires that the federal court monitor both proceedings. I am not persuaded that the Plaintiffs' invocation of a jury demand affects the outcome of this Motion since the federal court can conduct such a proceeding if indeed Plaintiffs are entitled to it. In short, I find that I have exclusive jurisdiction over these core claims. Reaching that conclusion, I need not address Deloitte's other ground based on the indemnity contract giving rise to "related to" jurisdiction.

**And** also concluding that abstention is not warranted under 28 U.S.C. § 1334(c)(1) or (c)(2);

**And** Plaintiffs making the same arguments with respect to the Stockton Claims;

**And** Stockton, not refuting the Plaintiffs' argument, but responding that this Court should retain jurisdiction to allow the Stockton Defendants to raise the defense of equitable estoppel;[5]

**And** this Court concluding that there is no jurisdiction over an adversary proceeding in these Debtors' Chapter 7 cases for accounting malpractice allegedly committed by the Stockton Defendants against Plaintiffs who happen to be debtors in another bankruptcy case;[6]

**And** Stockton not being prejudiced in that the defense of equitable estoppel need not be asserted in the bankruptcy court in order to be pursued;

---

[5] Stockton avers that Plaintiffs failed to schedule their claims against the Stockton Defendants in their separate bankruptcy case and that under the holding of Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir. 1988), they should be equitably estopped from attempting to prosecute an action based on these undisclosed claims. The rationale for such a consequence is that the claim is an asset belonging to the estate, not the debtor, and the debtor's failure to disclose the asset deprived creditors of a benefit.

[6] Nor would I open the closed Capell Chapter 7 case to administer this lawsuit. While Stockton suggests that this Court has more of an interest in the application of equitable estoppel than the State Court, as Stockton also points out, equitable estoppel addresses the relationship between the parties to the litigation whereas judicial estoppel focuses on the relationship between the party and judicial system when a party takes inconsistent positions with the court. Id. at 419. There is no basis for this Court to become embroiled in the prepetition relationship between Plaintiffs and their accountants where the consequence shall have no impact on the estate.

Adversary No. 04-0174

It is hereby **ORDERED** that;

1. The Remand Motion is **DENIED** as to the Deloitte Claims. A pretrial order will be contemporaneously entered setting dates for discovery and dispositive motions.

2. To the extent the Notice removed the Stockton Claims, the Remand Motion is **GRANTED**.

                              DIANE WEISS SIGMUND
                              Chief U.S. Bankruptcy Judge

Copies to:

Glenn A. Manochi, Esquire
LIGHTMAN MANOCHI & CHRISTENSEN
1520 Locust Street
12th Floor
Philadelphia, PA 19102-4401

Edmond M. George, Esquire
OBERMAYER REBMANN MAXELL
& HIPPEL LLP
1900 One Penn Center
1617 J.F.K. Boulevard
Philadelphia, PA 19103

Jonathan K. Hollin, Esquire
POWELL, TRACHTMAN, LOGAN,
 CARRLE & LOMBARDO, P.C.
475 Allendale Road
Suite 200
King of Prussia, PA 19406

Vincent J. Marriott, III, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7399

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107